IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NILS MAGNUSSEN** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civ. Action **4:21-cv-1750** | |
| § | | |
| **CHEVRON USA, INC.** § | | |
| Defendant. § | **JURY DEMANDED** | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Nils Magnussen (herein "Plaintiff" or "Magnussen") and files this Original Complaint and Jury Demand against Defendant Chevron USA, Inc..

## INTRODUCTION

1. This is a proceeding for compensatory and punitive damages, and other legal or equitable relief to secure the rights of Plaintiff under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq. (herein the "ADEA").

2. Defendant violated the ADEA by discriminating against Magnussen, culminating in his constructive discharge because of his age, in whole or in motivating part.

## PARTIES

3. Plaintiff Nils Magnussen is a resident of Fort Bend County, Texas. Magnussen is a former employee of Defendant Chevron USA, Inc., working in their downtown Houston office.

4. Defendant Chevron USA, Inc. (herein "Defendant") is a foreign corporation with its headquarters located in Houston, Texas. Defendant may be served with process through its registered agent, Prentice-Hall Corp System, Inc at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION & VENUE

5. All of the events giving rise to this claim occurred in whole or in part in the State of Texas, in the Southern District. Defendant has subjected Magnussen to unlawful employment practices in the State of Texas, in the Southern District, during the period preceding and culminating in Magnussen's constructive termination on or about August 31, 2019.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 as this matter involves a federal question.

7. This suit is authorized and instituted pursuant to the ADEA.

8. Magnussen was born in 1946. At the time of the discrimination, Magnussen was 72 years old and is thus a member of the protected age group within the meaning of the ADEA.

9. Defendant was the employer of Magnussen during the period that gave rise to Defendant's liability pursuant to the ADEA.

10. At all times material to this action, Defendant employed at least twenty employees, and is an employer within the meaning of the ADEA.

11. The matter in controversy exceeds, exclusive of costs and interest, the minimum jurisdictional limits of this Court.

## PROCEDURAL REQUISITES

12.     Plaintiff filed a charge of discrimination against Defendants under Charge Number 460-2020-02920 with the Equal Employment Opportunity Commission (herein "EEOC") on or about February 28, 2020.

13.     On or about March 26, 2021, the EEOC issued a Notice of Right to Sue letter entitling Magnussen to file an action in this Court for age discrimination.

14.     The filing of this lawsuit has been accomplished within ninety (90) days of Magnussen's receipt of the Notice of Right to Sue letter.

## FACTS

15.     Magnussen has over 35 years of experience in oil and gas project management, operations management, corporate management, QA/QC management, design engineering, environmental remediation management and business development.

16.     In addition to his work for Defendant, Magnussen previously had a distinguished career in the oil and gas industry with Unocal, Aramco, Fluor, Hughes & Hydro-Fluent.

17.     Throughout his time working for Defendant and others, Magnussen managed large corporate organizations, had P&L responsibilities for closely held companies and worked on specialized teams as both a team leader and team member.

18.     Magnussen has also taught undergraduate engineering courses at Old Dominion University, and engineering extension courses at University of California-Irvine, California.

19. Magnussen has a BS and MS in engineering from Cal Poly, and an MBA from Duke University. In addition, he is a registered professional engineer in California and Virginia and holds an A, B & Hazardous materials contractor's license in California.

20. In 1994, Magnussen joined Unocal as an Engineering Manager-Diversified Business.

21. In 1995, he was promoted to New Ventures Manager, Gas & Power.

22. In 1996, Magnussen relocated to Houston, Texas to become Manager of Business Development.

23. In 2000, he was promoted to Director of Business Development.

24. In 2005, Unocal was acquired by Defendant.

25. In 2006, Magnussen was promoted to Chevron Grade Code 26 (Senior Manager) in Gas Business Development.

26. In 2016, he was promoted to Chevron Grade Code 27 (General Manager) in Business Development.

27. In February 2019, during his performance appraisal, Defendant's supervisor, Robert Hunsicker, rated Magnussen's performance as a "Category 3."

28. Defendant's performance rating is used to determine employee compensation increases or decreases, and if negative can result in a reduction of stock option awards.

29. Hunsicker commented that the stock option award was irrelevant because Magnussen "would not be around" to exercise them due to his age.

30. This "Category 3" rating resulted in a 50% reduction in Magnussen's bonus and salary merit increase.

31. Magnussen's bonus in 2019 was 50% of what he would have made but for the discrimination by Hunziker acting for Defendant. The false rating also caused Magnussen to have a reduced salary moving forward and reduced and/or eliminated future stock options available to him.

32. A "Category 3" rating suggests that the evaluated person is the type of employee who should probably be terminated, re-trained or re-assigned. But instead of taking any of those actions against Magnussen, shortly after the bogus performance appraisal Hunziker asked him to complete an evaluation of potential gas market for several countries in Latin America for an Argentina gas project.

33. Hunziker understood that Magnussen was probably the only person working for Defendant who could complete this effort on an adequate basis in a compressed time frame. This is not the kind of assignment that would be given to a "Category 3" employee.

34. Hunziker's rating of Magnussen, and the resulting decrease in bonus and salary merit increase, was based on age-related animus against Magnussen, and was not a true evaluation of his performance.

35. Defendant's policies list 8 critical criteria that must be exhibited in order to warrant a "Category 3" rating: (1) Falls short meeting most results, metrics and expectations; (2) Misses most deadlines with regularity due to lack of planning skills and lack of ownership of work. (3) Has high absenteeism with a significant negative impact on

work and team (excluding approved leaves of absences). (4) Requires high level of supervisor's time and direction. (5) Meets most results/metrics but does not demonstrate behaviors consistent with The Chevron Way and We Lead Leader Expectations. (6) Is a poor communicator, both written and oral. (7) Avoids self-accountability and generally seeks others to blame. (8) Shows little to no interest in improving skills, or simply lacks the ability to perform expected job duties.

36. The Hunziker review did not list out how or why Magnussen met 7 of these 8 critical criteria. Instead, the review was based on just 1 criterion: "falls short of meeting most result, metrics and expectations." There is no support for this nebulous finding and when asked for an explanation, Magnussen did not receive one.

37. Nothing in Magnussen's personnel file supports a finding of any of the 8 critical criteria.

38. On the interim performance evaluation done for Magnussen in 2018, it states that he was a "core contributor." There is nothing mentioned that would warrant the "Category 3" rating given by Hunziker, and nothing to indicate he was underperforming in any way.

39. Over the next several months, Magnussen raised Hunziker's discriminatory evaluation and discriminatory comment that he would not be around to exercise stock options to others working for Defendant. At no time while Magnussen was still employed did anyone ever assert that Hunziker had not made the comments alleged.

40. While he was taken aback by Hunziker's comment, Magnussen did not fully understand or appreciate the age discriminatory intent behind the comment at the time. It

was only after speaking with others at Chevron over the next few months that Mr. Magnussen understood he was illegally being discriminated against based on his age.

41. Over the next 5 months, Hunziker and Chevron created a hostile environment that eventually drove Magnussen to leave his employment at Chevron. Based on the "Category 3" rating given by Hunziker, Magnussen was forced to provide certain reports demonstrating how he had "improved." Because the rating was completely unwarranted, this requirement caused a great deal of embarrassment to Magnussen as all his coworkers became aware of the discriminatory rating.

42. Despite the discrimination by Hunziker and Defendant regarding the "Category 3" rating, they continued to give Magnussen projects to lead that such rating would indicate he was not qualified for. The "Category 3" rating would indicate Magnussen should be immediately terminated, not given additional responsibilities. This demonstrates that the rating was not based on actual performance, but on animus based on Magnussen's age.

43. Magnussen continued to work for Defendant through August 2019, with one of his final projects being an evaluation for the Asia oil import market for the placement of Permian crude. Again, this was not a project a "Category 3" employee would be tasked with, but it was given to Magnussen without the benefit of increased pay and stock options.

44. Magnussen's position was not immediately filled following his departure, but the job duties were performed by several employees of Defendant, all of whom were younger than Plaintiff. The current status of the position is unknown.

## CAUSE OF ACTION ONE:
## <u>VIOLATIONS OF THE ADEA</u>

45.     Plaintiff incorporates the preceding paragraphs 1 through 44 as if set forth fully herein.

46.     At all relevant times, Magnussen was within the ADEA's protected class; i.e., he was over 40 years of age

47.     By giving Magnussen the "Category 3" rating without any basis in fact, but rather to discriminate against Magnussen due to his age, Defendant violated the ADEA.

48.      By upholding the bogus rating, Defendant violated the ADEA.

49.     Magnussen was qualified for the positions he held for Defendant, and specifically for the position he held at the time of his constructive termination.

50.     At all times during his employment with Defendant, Magnussen's job performance was at least satisfactory and was usually well above average.

51.     Magnussen was also qualified to assume other positions at the time of his constructive termination.

52.     There was no legitimate nondiscriminatory reason for these actions against Magnussen.

53.     Age was a causal factor in the employment decisions made regarding Magnussen.

54.     As a result of Defendants' actions, Magnussen has suffered loss of wages, both in the past and in the future.

55. Additionally, the above referenced discrimination and violations of the ADEA was done willfully. Because of Defendant's unlawful age discrimination described above, Magnussen is entitled to recover liquidated damages. The acts of age discrimination described above were done intentionally for the purpose of injuring Magnussen based on his age. Defendant's actions were done with malice and for a despicable purpose, directly in conflict with the public policy against age discrimination.

56. At all times material to this action, Defendant, through its agents, employees, and/or managers knew or should have known of the below described conduct, including the conduct complained of herein.

57. At all times material to this action Defendant's agents, employees and/or managers acted in the course or scope of their employment with the Defendant.

58. At all times material to this action, Defendant, through its agents, employees, and/or managers, either committed the conduct, or authorized, encouraged, condoned and/or ratified the conduct complained of herein.

## **DAMAGES**

59. Plaintiff incorporates the preceding paragraphs 1 through 58 as if set forth fully herein.

60. As a result of Defendants' conduct in violation of the ADEA, Magnussen seeks the following relief:

(a) back pay;

(b) reinstatement, or if reinstatement is deemed not feasible, front pay;

(c) benefits in the past and the future;

(d) costs, expert witness fees and attorneys' fees;

(e) liquidated damages for violation of ADEA; and

(f) pre-judgment and post-judgment interest as allowed by law.

## JURY DEMAND

61.     Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nils Magnussen respectfully prays that the Defendant Chevron USA, Inc be served and made to answer herein and that upon trial on the merits, that Plaintiff be awarded his damages as set forth above, and such other and further relief, in law or in equity, to which Plaintiff may show himself entitled justly entitled to receive.

Dated May 27, 2021.

                        Respectfully submitted,

                        BY*:     /s/ Chris Lindstrom*
                        **CHRISTOPHER D. LINDSTROM**
                        SD Tex. No. 33525
                        Texas State Bar No. 24032671
                        POTTS LAW FIRM, LLP
                        3737 Buffalo Speedway, Suite 1900
                        Houston, Texas 77098
                        Tel: (713) 963-8881
                        Fax: (713) 583-5388
                        Email: clindstrom@potts-law.com

                        **ATTORNEY IN CHARGE FOR**
                        **PLAINTIFF NILS MAGNUSSEN**